**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Steve Lee COCHRANE,
Defendant-Appellant.**

**No. 13663.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1984.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

GREENE, Judge.

In a case tried before the court by agreement, defendant Steve Lee Cochrane was convicted of the felony of possessing more than 35 grams of marijuana, § 195.020,

RSMo 1978, and sentenced to two years' imprisonment.

The sole point relied on in Cochrane's appeal is that the search of his apartment and seizure of the marijuana was unlawful, rendering the evidence seized the fruit of a poisoned tree.

At trial, the state and Cochrane agreed on a stipulation of facts. It was agreed that those facts would be the basis for the trial court's ruling on Cochrane's motion to suppress and, that in the event the court overruled the motion, there was sufficient evidence to support a conviction, but that defendant did not waive the matters contained in the motion to suppress.

The stipulated facts are that on March 21, 1983, Officer Wells, assigned to the Springfield Police Department Special Investigation Unit, received telephone information from an anonymous tipster that Steve Cochrane was selling drugs at his apartment located at 414½ East Monroe in Springfield, and that Cochrane was from Iowa. Wells contacted Iowa law enforcement officers, who advised him that they would "send a file on Cochrane to Wells."

On March 21 and 22, Wells kept the apartment under surveillance, which revealed "the coming and going of a number of persons to 414½ East Monroe." During that time, Wells unsuccessfully inquired about the possibility of purchasing drugs at Cochrane's apartment. On March 25, Wells was advised by Sioux City, Iowa police that Cochrane was wanted in Iowa on a burglary charge. On March 28, Wells was advised by Iowa police that the warrant for Cochrane's arrest on the burglary charge was still active. A short time later, Wells and other officers went to the apartment to arrest Cochrane "on the Iowa burglary warrant." While making the arrest, the officers "observed marijuana in the living room."

After Cochrane had been arrested, Wells was advised that Iowa had decided not to extradite Cochrane on the burglary charge. No fugitive charge was filed against Cochrane, and he was never taken before a

judge to be questioned about waiving extradition. As a result of the fact that marijuana was observed in Cochrane's living room at the time of the arrest, Wells sought and obtained a search warrant. A search pursuant to the warrant uncovered over 35 grams of marijuana which Cochrane, under questioning, admitted was his.

Cochrane argues here that since his arrest was based on the Iowa charge, the failure of the Springfield officers to take him before a judge *after* his arrest, or to make a fugitive complaint against him as required by § 548.131, RSMo 1978, rendered the arrest unlawful and, in consequence, the discovery of the marijuana in the living room, which justified the issuance of the search warrant, unlawful. Cochrane also contends that his arrest on the Iowa charge "was not made in good faith but for the sole purpose of creating a pretext for officers to enter defendant's apartment to view for drugs." These arguments border on the specious, are not supported by the facts, and have no merit.

Section 548.141, RSMo 1978, provides that a person may be arrested without a warrant upon reasonable information that such person is charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year. Such was the case here. The arrest was lawful. There was marijuana in plain and open view in the living room when Cochrane was arrested. This evidence, which was lawfully obtained, provided the factual basis to obtain a valid search warrant, which was used to uncover more than 35 grams of marijuana, possession of which justified filing of the charges on which Cochrane was convicted.

As to Cochrane's assertion that the Springfield police officers used the Iowa burglary charge as a pretext to enter his apartment, such argument has no factual support. In fact, the actions of Springfield police officers in not immediately arresting Cochrane for a Missouri law violation, after seeing marijuana in plain view, and in refraining from making a further search of the apartment for illegal drugs after the arrest, until they obtained a Missouri search warrant, completely refutes Cochrane's claim of subterfuge.

The legal test here is whether the decision to arrest Cochrane on the Iowa warrant was influenced by and carried out for the express purpose of attempting to amass evidence of another crime, which in this case was illegal drug possession. *Abel v. United States*, 362 U.S. 217, 230, 80 S.Ct. 683, 692, 4 L.Ed.2d 668, 681 (1960). There was simply no evidence supporting such a theory. The point is denied.

The judgment and sentence of the trial court are affirmed.

TITUS, P.J., and FLANIGAN, J., concur.